The STATE of Ohio, Appellee,

v.

GOFFEE, Appellant.

[Cite as *State v. Goffee,* 161 Ohio App.3d 199, 2005-Ohio-2596.]

Court of Appeals of Ohio,
Fifth District, Muskingum County.

No. CT2004–0054.

Decided May 18, 2005.

D. Michael Haddox and Robert Smith, for appellee.

Jefferson H. Massey, for appellant.

***

FARMER, Presiding Judge.

{¶ 1} On June 24, 2004, the Muskingum County Grand Jury indicted appellant, Kary Goffee, on one count of theft in violation of R.C. 2913.02. The charge arose from the theft of a purse containing checks and credit cards belonging to Lori Kappes.

{¶ 2} On July 29, 2004, appellant filed a motion to suppress, claiming an unreasonable search of his satchel wherein the purse was found. A hearing was held on August 11, 2004. At the conclusion of the hearing, the trial court denied the motion.

{¶ 3} A jury trial commenced on September 7, 2004. The jury found appellant guilty as charged. By entry filed November 1, 2004, the trial court sentenced appellant to 12 months in prison.

{¶ 4} Appellant filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows.

## I

{¶ 5} "The trial court erred in refusing to suppress the verbal statements of the appellant and in refusing to suppress the physical evidence wrongfully seized by the Genesis security police."

## II

{¶ 6} "The trial court erred when it permitted, over the objection of appellant's counsel, the state of Ohio to submit photographs of the purse, checks, and credit cards which had only been provided to appellant's counsel approximately five days prior to the trial."

## III

{¶ 7} "Error was committed when appellant's counsel made his Criminal Rule 29 application, to have the court dismiss the case against appellant, in open court in the presence of the jury."

## IV

{¶ 8} "The trial court erred when it refused to permit appellant's counsel to call Detective Gray as a witness largely for the purpose of reciting into the record the contents of a taped statement given by appellant to Detective Gray."

## V

{¶ 9} "The trial court erred in not granting appellant a continuance for the sentencing hearing so that appellant could have testimony from his family, friends, and other witnesses."

## VI

{¶ 10} "Error was committed when appellant was denied the effective assistance of counsel when counsel for appellant erred in not advising appellant promptly enough so that appellant could have his family, friends, and other witnesses give testimony at the sentencing hearing."

## I

{¶ 11} Appellant claims that the trial court erred in not suppressing his verbal statements and physical evidence obtained by two Genesis HealthCare security officers working for a private hospital. We disagree.

{¶ 12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583; *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the judgment of the trial court for committing an error of law. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming that the trial court's findings of fact are not against the manifest weight of the evidence and that it has properly identified the law to be applied, an appellant may argue that the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 620 N.E.2d 906; *Guysinger.* As the United States Supreme Court held in *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, "as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 13} After hearing, the trial court concluded that the initial stop was "performed by private parties, not of any government agency." The trial court further found that any search of appellant's satchel was made for the security officers' own protection, given appellant's evasiveness and nervousness and the fact that appellant reached into the bag.

{¶ 14} We concur with the trial court's analysis of the facts and find that they are supported by the record. It is undisputed that the two security officers, Gary Long and Dan Conkle, were not agents of any governmental agency. They worked for Genesis HealthCare, a private corporation. Long stopped appellant because he matched the description of an alleged suspect in a theft which occurred on hospital property, the day care center. Conkle arrived to assist. Appellant appeared "nervous, scared, and did not give straightforward answers to the questions given to him." The security guards asked appellant what was in his satchel, and appellant repeatedly reached into the satchel even when told to stop. Thereafter, Conkle opened the satchel to verify the contents and discovered the missing purse. Both security officers were scared by appellant's actions and feared for their safety at the time of the search of the satchel.

{¶ 15} Even though the trial court characterized the encounter of the security officers and appellant as a stop à la *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, we find it was not so. The stop was a consensual encounter between three citizens, and at any time appellant was free not to cooperate. Any actions of the Genesis security officers were for the benefit of their own employer and not the state.

{¶ 16} Because Long and Conkle were not agents of the state, there was no state action in their encounter with appellant, and the protections of the Fourth Amendment and exclusionary rule do not apply. Had Long and Conkle been agents of the state, the facts would have qualified as a legitimate *Terry* stop.

{¶ 17} Upon review, we find that the trial court did not err in denying appellant's motion to suppress.

{¶ 18} Assignment of Error I is denied.

## II

{¶ 19} Appellant claims that the trial court erred in admitting photographs of the victim's purse, checks, and credit cards because the photographs were disclosed only five days prior to trial. We disagree.

{¶ 20} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 21} Appellant's objection centers on the lateness of discovery regarding the photographs, although he admitted to having seen them prior to trial. We note that defense counsel did not request a continuance. Pursuant to Crim.R. 16, trial courts are to determine if a discovery violation has occurred and, if so, order the appropriate sanction.

{¶ 22} Upon review, we find that no discovery violation occurred, as the photographs were disclosed prior to trial.

{¶ 23} Appellant also argues the relevancy of the photographs. Relevant evidence is generally admissible (Evid.R. 402) and is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

{¶ 24} The victim, Kappes, identified the photographs as pictures of the items taken from her, as did the investigating police officer, Gary Schaumleffel. Direct evidence of the items taken from Kappes was given by her. Although the photographs of the stolen items were mere window dressing to Kappes's testimony, they were relevant as to the size and shape of the items and their secretion in appellant's satchel. They were further relevant as depicting the items found on appellant by the Genesis security officers and returned to Kappes.

{¶ 25} Assignment of Error II is denied.

## III

{¶ 26} Appellant claims that the trial court erred in ruling on his Crim.R. 29 motion for acquittal in front of the jury. We disagree.

{¶ 27} Prior to the motion for acquittal, a discussion was held at the bench. Defense counsel did not take this opportunity to make the motion. Instead, defense counsel waited until he returned to the counsel table to make the motion.

{¶ 28} We find that defense counsel chose the course and method of pursuing the motion. If there was any error, it was invited error:

{¶ 29} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible." *State v. Kollar* (1915), 93 Ohio St. 89, 91, 112 N.E. 196.

{¶ 30} The claimed error was invited and did not affect the outcome of the trial. This court must accord deference to defense counsel's strategic choices made during trial and "eliminate the distorting effect of hindsight." *State v. Post* (1987), 32 Ohio St.3d 380, 388, 513 N.E.2d 754.

{¶ 31} Assignment of Error III is denied.

## IV

{¶ 32} Appellant claims that the trial court erred in not permitting defense counsel the opportunity to call Officer Kenny Gray as a witness for the purpose of reciting into the record appellant's taped statement. We disagree.

{¶ 33} The only explanation given to the trial court for the requested testimony was to allow Officer Gray to "indicate that there was a reason behind my client having this purse in his custody at the time because he was basically picking that purse up to get it to someone and find out who the purse belonged to." The trial court excluded the testimony, and it was not proffered for the record.

{¶ 34} It is basic to appellate practice that error in the form of excluded testimony is not reviewable unless there has been a proffer of the excluded testimony or the content of the testimony is apparent from the circumstances. Evid.R. 103.

{¶ 35} This testimony was also clearly an attempt through hearsay for appellant to present an explanation without having to be subjected to cross-examination.

·{¶ 36} Because a proffer was not made, we are unable to determine whether appellant suffered any due prejudice from any alleged error.

{¶ 37} Assignment of Error IV is denied.

## V, VI

{¶ 38} Appellant claims that the trial court erred in not granting him a continuance to present evidence in mitigation of his sentence. Appellant also claims that his trial counsel was ineffective for not informing him of his sentencing hearing date so he could be prepared. We disagree.

{¶ 39} The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078; *Blakemore.*

{¶ 40} The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus. Appellant must establish the following:

{¶ 41} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶ 42} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

208

{¶ 43} It appears to be uncontested that defense counsel did not tell appellant of the sentencing hearing date. At the conclusion of the trial, the trial court indicated that the sentencing hearing would be held "sometime after the first week in October." The trial court continued appellant's bond and ordered a presentence investigation.

{¶ 44} The sentencing hearing was not held until October 22, 2004. We find that the denial of the continuance request was not an abuse of discretion, nor did it create a manifest injustice. The trial court stated that it would not entertain any testimony on the issue of sentencing. Clearly the result of the sentencing hearing would not have been different had appellant been notified of the specific date.

{¶ 45} Assignments of Error V and VI are denied.

{¶ 46} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

Judgment affirmed.

WISE and EDWARDS, JJ., concur.