OPINION
{¶ 1} Appellant appeals his conviction and sentence entered in the Licking County Municipal Court on one count of Physical Control of a Motor Vehicle While Under the Influence.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The following statement of facts is taken directly from the stipulation entered into by the parties in connection with the suppression motion filed on behalf of Mr. Shively.
 {¶ 4} "Mr. Shively has been charged with one count of Operating a Motor Vehicle While Under the Influence of Alcohol/Drugs with a BAC of .081 and one count of Physical Control of a Motor Vehicle While Under the Influence of Alcohol/Drugs. On September 11, 2004, officers of the Granville Police Department were dispatched to assist officers of the Denison University Security Force in connection with an investigation on the Denison Campus in Granville, Licking County, Ohio into a `possibly impaired driver.' The Denison Security Officers were operating under the authority granted to them by the Ohio Revised Code and through a mutual cooperation agreement between the University and the Village of Granville. These Security Officers encountered Mr. Shively, the driver of the automobile in question, and other Denison Students sitting in a parked vehicle on the Denison campus. The Security Officers would testify that they detected an odor of marijuana and observed one of the students in the vehicle to be smoking a light colored marijuana pipe. Additionally, they observed keys in the ignition of the vehicle. Based upon their suspicion that Mr. Shively and his passengers might be engaged in activities of a criminal nature, the Denison Security Officer requested that the Granville Police Department assist with the situation. Granville Police Officers were then dispatched to the scene and the investigation with Granville officers conducting the investigation. Upon his arrival, Granville Police officer Shawn Wilson asked the Defendant if he had been drinking, to which the Defendant replied that he had consumed two beers earlier. Officer Wilson asked the Defendant to complete some field sobriety test[s], which he failed. Officer Wilson then arrested the Defendant and transported him to the Granville Police Department. There, Officer Wilson read the Defendant the BMV 2255 Form, waited the requisite period before administering a breath test to determine [the] Defendant's BAC. Defendant's BAC was .081. The investigation resulted in incriminating evidence being obtained from Mr. Shively — including the results of the field sobriety tests, statements attributed to the defendant and other witnesses and the results of a chemical test performed on Mr. Shively's breath to determine his blood alcohol level. There is no evidence that either the Denison Security Officers or the Granville Police Officers obtained a warrant authorizing the arrest, seizure or detention of Mr. Shively."
 {¶ 5} "It is stipulated that the Denison Security Officers are not members of any municipal and/or state law enforcement agency. Further, it is stipulated that the Security Officers employed by the Denison University Security Department are not accredited law enforcement officers, except the supervisor "chief' of the department, who is an accredited law enforcement officer. Further, it is stipulated that the Denison Securityofficers possess only those powers granted to them by the Ohio Revised Code."
 {¶ 6} Appellant appeared before the Granville Mayor's court and entered a Jury Demand requiring the transfer of the case to the Licking County Municipal court where Mr. Shively entered pleas of Not Guilty to the charges contained in the complaint.
 {¶ 7} On November 24, 2004, Appellant filed a motion to suppress evidence.
 {¶ 8} In lieu of a formal hearing on the issues presented by the suppression motion, the parties entered into a stipulation as to the pertinent facts of the case and the same was presented to the trial court on January 14, 2005.
 {¶ 9} After considering the arguments of counsel and the stipulation presented, the trial court denied the suppression motion by its entry dated January 19, 2005.
 {¶ 10} In denying the motion to suppress evidence, the trial court concluded:
 {¶ 11} "This matter came on for the Court's consideration of the Defendant and Plaintiff's Stipulated Statement of Facts filed with the Court January 14, 2005. Based upon a review of these stipulated facts, the court is not convinced that a seizure of the defendant ever occurred by the Denison University campus security personnel. There being no seizure, of the Defendant, the motion must fail inasmuch as it is based in its entirety upon the defendant being seized by the security personnel. Accordingly, the Defendant's motion to suppress is hereby overruled and is DENIED." (Judgment Entry, filed January 19, 2005).
 {¶ 12} On May 13, 2005, Appellant entered a plea of No Contest to the Physical Control charge contained in the complaint. Upon motion by the prosecuting attorney, the trial court then dismissed the OVI charge.
 {¶ 13} The trial court then sentenced Appellant to a term of thirty days incarceration, with twenty-seven days suspended and fines.
 {¶ 14} Notice of Mr. Shively's intent to appeal his conviction was filed on August 16, 2005, with an accompanying request that he be permitted to bring the appeal as the same was untimely. This Honorable Court granted the request for leave to file and the record was then transmitted to this Honorable Court on November 8, 2005.
 {¶ 15} This matter is now before this court for consideration. Appellant's sole Assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 16} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 I. {¶ 17} In his sole assignment of error, Appellant claims the trial court erred in denying his motion to suppress. We disagree.
 {¶ 1} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93,96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v.Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 2} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 18} Specifically, Appellant maintains that the chemical test of his breath should have been suppressed arguing that he was "seized" by the Denison Security officers and that such officers were "State actors" subject to the limitations placed upon police by the Ohio and United States constitutions.
 {¶ 19} Appellant concedes that if this Court finds that the officers in question are not State actors, then the trial court's decision concerning the "seizure", or lack thereof, would be harmless error.
 {¶ 20} This Court, therefore, will first consider the issue of whether the Denison Security officers were state actors.
 {¶ 21} This Court reviewed a similar situation in State v.Sinclair, Delaware App. No. 04CAA11073, 2005-Ohio-4497, wherein we held:
 {¶ 22} "Ohio law distinguishes between private police officers such as security guards and private detectives, and peace officers employed by governmental entities. See, e.g., R.C.2921.51(A). Furthermore, "[e]vidence discovered and seized by private persons is admissible in a criminal prosecution, regardless of whether such evidence was obtained by legal or illegal methods, so long as there is no government participation in the search." State v. Hegbar (Dec. 5, 1985), Cuyahoga App. No. 49828, citing Burdeau v. McDowell (1921), 256 U.S. 465,475 (additional citations omitted). "Under the interpretation of the Fourth Amendment set forth in Burdeau, supra, most courts have held that evidence of crime obtained by private investigators and security guards, who hold no special sovereign authority; have no formal affiliation with the sovereign; or are not acting at the direction of or controlled by a governmental agency, is admissible at trial. This view is premised upon the rationale that the primary function of privately employed security officers is protection of their employers' property, rather than law enforcement." Hegbar, citing U.S. v.Francoeur (C.A. 5, 1977), 547 F.2d 891, 893-94; State v.McDaniel (1975), 44 Ohio App.2d 163, 170-174."
 {¶ 23} In the case sub judice, Appellant argues that Denison University safety officers should be recognized as "state university law enforcement officers" under R.C. § 3345.04. As we herein take judicial notice that Denison University is a private liberal arts college, we find no merit in this proposition.
 {¶ 24} Appellant urges, in the alternative, that in the college campus setting, a private safety officer effectively acts with governmental or sovereign authority. Appellant provides no authority in support of this proposition, and we are unwilling to expand the historical interpretation of the Fourth Amendment in such a manner. Cf. State v. Goffee, 161 Ohio App.3d 199, 205,2005-Ohio-2596, ¶ 16.
 {¶ 25} Having concluded that the Fourth Amendment was not implicated under the facts and circumstances presented, we find the remaining issues concerning seizure to be moot.
 {¶ 26} Appellant's sole Assignment of Error is denied.
 {¶ 27} The judgment of the Licking County Municipal Court is hereby affirmed.
By: Boggins, J. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Licking County, Ohio is affirmed. Costs to Appellant.