OPINION *Page 2 
{¶ 1} On September 1, 2006, the Stark County Grand Jury indicted appellant, Lance Wells, on one count of possession of cocaine in violation of R.C. 2925.11(A) and one count of criminal trespass in R.C.2911.21. Said charges arose from an incident wherein security officers at Skyline Terrace stopped appellant because he was on a list of individuals "banned" from the premises. Thereafter, a drug dog was dispatched to appellant's vehicle and cocaine was discovered in the glove box.
 {¶ 2} On October 11, 2006, appellant filed a motion to suppress, claiming the security officers performed an illegal seizure. A hearing was held on October 25, 2006. The trial court denied the motion.
 {¶ 3} A jury trial commenced on November 21, 2006. The jury found appellant guilty as charged. By judgment entry filed November 30, 2006, the trial court sentenced appellant to eighteen months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT'S DENIAL OF THE APPELLANT'S MOTION TO SUPPRESS WAS AN ERROR OF LAW."
 II {¶ 6} "THE TRIAL COURT ERRED BY ADMITTING PHYSICAL EVIDENCE THAT WAS NOT PROPERLY AUTHENTICATED." *Page 3 
 III {¶ 7} "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 I {¶ 8} Appellant claims the trial court erred in denying his motion to suppress. Specifically, appellant claims his stop, although made by private security officers, was a police action. Therefore, the security officers were under the same probable cause requirements as police officers would have been. We disagree.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *Page 4 State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 10} Robert Whitaker testified although he was a commissioned law enforcement officer, he was employed as a private security officer with Willow Security, working at Skyline Terrace at the time of appellant's stop. October 25, 2006 T. at 14. Security Officer Whitaker's activities were controlled and directed by Skyline Terrace management. Id. at 14-15. Prior to stopping appellant, Security Officer Whitaker's partner observed appellant on the Skyline Terrace premises and identified him as someone who had been banned from the property. Id. at 16.
 {¶ 11} In State v. Sinclair, Delaware App. No. 04CAA11073,2005-Ohio-4497, ¶ 12, this court stated the following:
 {¶ 12} "Ohio law distinguishes between private police officers such as security guards and private detectives, and peace officers employed by governmental entities. See, e.g., R.C. 2921.51(A). Furthermore, `[e]vidence discovered and seized by private persons is admissible in a criminal prosecution, regardless of whether such evidence was obtained by legal or illegal methods, so long as there is no government participation in the search.' State v. Hegbar (Dec. 5, 1985), Cuyahoga App. No. 49828, citing Burdeau v. McDowell (1921), 256 U.S. 465, 475,41 S.Ct. 574, 65 L.Ed. 1048 (additional citations omitted). `Under the interpretation of the Fourth Amendment set forth in Burdeau, supra, most courts have held that evidence of crime obtained by private investigators and security guards, who hold no special sovereign authority; have *Page 5 
no formal affiliation with the sovereign; or are not acting at the direction of or controlled by a governmental agency, is admissible at trial. This view is premised upon the rationale that the primary function of privately employed security officers is protection of their employers' property, rather than law enforcement.' Hegbar, citingU.S. v. Francoeur (C.A.5, 1977), 547 F.2d 891, 893-94; State v.McDaniel (1975), 44 Ohio App.2d 163, 170-174, 337 N.E.2d 173."
 {¶ 13} In State v. Shively, Licking App. No. 2005CA000086,2006-Ohio-3506, ¶ 18, this court reviewed a case wherein the defendant, having been charged with driving under the influence, argued he had been illegally "seized" by security officers working for Denison University and as such, they were "state actors" subject to "the limitations placed upon police by the Ohio and United States constitutions." This court held the Denison University security officers were not state actors as Denison University was a private liberal arts college, and there was no authority to support the defendant's proposition that "a private safety officer effectively acts with governmental or sovereign authority."Shively, at ¶ 23-24.
 {¶ 14} Appellant argues because Skyline Terrace is a federally funded project, its private security force is elevated to the level of state actors. We disagree. We find no evidence of state action in the stop and detention of appellant on private property by a private security firm. We note appellant did not challenge the search by Canton City police officers after the stop.
 {¶ 15} Upon review, we find the trial court did not err in denying appellant's motion to suppress.
 {¶ 16} Assignment of Error I is denied. *Page 6 
 II {¶ 17} Appellant claims the trial court erred in admitting into evidence State's Exhibit 1, the crack cocaine, as it was not properly authenticated. We disagree.
 {¶ 18} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 19} Defense counsel objected to its admission because the officer who submitted the evidence to the crime lab did not testify. T. at 186. During opening statement, defense counsel conceded the fact that crack cocaine was found in appellant's vehicle:
 {¶ 20} "Then the dog is called out to the scene and the dog hits on the, the driver's side left front — the driver's side door, and in the glove box they find crack cocaine.
 {¶ 21} "I don't deny that the__I don't have — you're not going to hear me say anything about a problem with the drug dog coming out and the fact that cocaine was found. It was cocaine. The criminologist will come in and he'll testify this is cocaine and it weighs such and such amount; that's fine. The question is you're not going to hear ev — any evidence that he knew he wasn't supposed to be there. You're not going to hear any evidence that he knew there was anything re___that there was nothing on his possession as far as cocaine or any illegal substance whatsoever. And it's not his car, so there's no tie-in between him and this crack cocaine that's in the glove box except for *Page 7 
Officer Whitacre; he the only person that's going to probably try and tie it in for you * * *." T. at 100-101.
 {¶ 22} Also, the general procedure for the handling of the evidence was testified to by Canton City Police Officer Lester Marino. Officer Marino testified to finding the crack cocaine in the glove box, and identified the exhibit as the baggie he retrieved. T. at 163. He also testified the exhibit was in substantially the same condition as it was when he took it from the glove box, and testified to the procedures for marking, storing and submitting the evidence. T. at 163, 164-165. Jay Spencer, a criminalist with the Canton-Stark County Crime Lab, testified to the exhibit, its identity and examination at the crime lab. T. at 175-177, 178-181. There is no testimony from the officer who transported the evidence.
 {¶ 23} Upon review, we find the trial court did not err in permitting the exhibit's admission given defense counsel's statements and the evidence presented by Officer Marino and Mr. Spencer.
 {¶ 24} Assignment of Error II is denied.
 III {¶ 25} Appellant claims the guilty verdict for possession of cocaine was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 26} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at *Page 8 
paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 27} Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A) which states, "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 28} Security Officer Whitaker testified to appellant's suspicious activity when stopped, and overheard appellant's cell phone conversation about a "box in the car." T. at 121, 125. Officer Marino testified to using a drug dog to alert on the vehicle, and the discovery of the crack cocaine in the glove box. T. at 163.
 {¶ 29} Although appellant was not the owner of the vehicle, he was the only one in possession of the car that evening. We cannot find the jury lost its way in accepting the evidence of appellant's furtive movements to the glove box and his own statements as sufficient and credible evidence that the cocaine was his.
 {¶ 30} Upon review, we find sufficient evidence to support the conviction, and no manifest miscarriage of justice.
 {¶ 31} Assignment of Error III is denied. *Page 9 
 {¶ 32} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed. *Page 1